CATHERINE CORTEZ MASTO
Nevada Attorney General
DENISE S. BALBONI
Deputy Attorney General
Nevada State Bar No. 10507
Public Safety Division
Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
Telephone: (702) 486-3420
Fax: (702) 486-3773

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROGER MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>C/O ALLEN, C/O CALDERONE, C/O LUNKWITCH, BEN WATHEN and HERNDON,<br><br>  Defendants. | Case No. 2:10-cv-00034-PMP-RJJ<br><br>**JOINT MOTION TO STAY DISCOVERY FOR THIRTY DAYS PENDING RESOLUTION OF MEDIATION BY OMBUDSMAN** |

Defendants, C/O ALLEN, C/O CALDERONE, C/O LUNKWITZ (improperly named as "Lunkwitch"), BEN WATHEN and HERNDON (hereinafter "Defendants"), by and through legal counsel, Catherine Cortez Masto, Nevada Attorney General, and Denise S. Balboni, Deputy Attorney General, and Plaintiff Roger Moore, pro se, hereby move to stay discovery for thirty days pending the completion of mediation. This Motion is made and based on the enclosed

. . .

. . .

. . .

. . .

-1-

Memorandum of Points and Authorities and any argument the Court may order in a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Defendants have initiated out-of-court mediation in this case in an attempt to reach an amicable settlement with Plaintiff. Plaintiff and Defendants jointly request that this Court stay discovery in this matter for thirty days pending the resolution of the mediation to allow the parties to focus their efforts on settling this matter rather than its continued contentious litigation.

### II. Factual and Procedural History

Plaintiff is an inmate within the custody of the Nevada Department of Corrections (NDOC). Plaintiff's allegations arise out of his incarceration while at High Desert State Prison. Plaintiff alleges Defendants violated his constitutional rights because Defendants took his property, subjected him to cruel and unusual punishment, and retaliated against him by falsifying a Notice of Charges (CD #13).

Plaintiff commenced this action in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark on or about May 22, 2009. Defendants removed the matter on January 11, 2010 (CD #1). Plaintiff then filed an Amended Complaint on January 25, 2010. (CD #7). On March 5, 2010, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (CD #11). On March 30, 2010, Plaintiff filed his Second Amended Complaint, allegedly curing the defects set forth in Defendants' Motion. (CD #13). Defendants again filed a Motion to Dismiss or in the Alternative for Summary Judgment on June 9, 2010 (CD # 20), and the Court granted it in full on August 9, 2010 (CD # 24). The Court subsequently and without explanation, issued another order granting Defendants' Motion in part and denying it in part on August 23, 2010 (CD # 27). Only Plaintiff's First Amendment claims and Eighth Amendment claim as it relates to inmate excitement survive. On October 27, 2010, this Court issued a discovery scheduling order setting February 17, 2011, as the close of discovery date (CD # 34). Plaintiff subsequently

-2-

served Requests for Admissions, Request for Production, and Interrogatories on Defendants. On November 10, 2010, Defendants initiated mediation with Plaintiff via a program initiated by the Attorney General's Office known internally as the ombudsman program.

In the ombudsman program, former senior employees of the Nevada Department of Corrections (NDOC), such as former wardens, associate wardens, and deputy directors, work to resolve legal disputes raised by inmates that have escalated to litigation by researching the validity and assessing the value of inmate's claims of wrongdoing by NDOC staff. The ombudsmen are ideal mediators between the parties since their institutional knowledge and background in corrections permits them to communicate effectively with the inmates regarding internal procedures and claims of wrongdoing by staff, while simultaneously alerting the Attorney General's Office of potential sources of liability. Glenn Whorton, formerly the Director of the Nevada Department of Corrections, has been appointed as the ombudsman in this case. Mr. Whorton has been in contact with Plaintiff and is in the process of investigating each of Plaintiff's factually-intensive claims of wrongdoing. Mr. Whorton has been in touch with counsel for Defendants regarding his preliminary opinions concerning the case, and will deliver a final opinion regarding his recommendation for settlement shortly. Plaintiff and Defendants now jointly request this Court to stay discovery in this matter for thirty days pending the ombudsman's mediation of the dispute.

### III. This Court Should Stay Discovery Pending the Resolution of the Mediation by the Ombudsman.

"[T]he power to grant a stay always exists in a Court by virtue of its right to control the disposition of causes on its docket." *Lanova Corp. v. Atlas Imperial Diesel Engine Co.*, 64 A.2d 419, 420 (Del. Super. 1949); *Leeds v. Sup. Ct.*, 42 Cal. Rptr. 151, 152 (Cal. Ct. App. 1965) ("When an action is brought in a court of this state involving the same parties and the same subject matter as an action already pending in a court of another jurisdiction, a stay of the[se] proceedings is not a matter of right, but within the sound discretion of the trial court.") (internal citations omitted). In this case, Defendants submit that discovery should be stayed for thirty days pending the resolution of the mediation by ombudsman Whorton to permit the

parties to devote their full attention to attempting to settle the matter rather than continuing to contentiously litigate it. Plaintiff has served multiple sets of discovery requests on each of the Defendants. The time and energy Defendants expend on responding to the discovery requests necessarily cannot be spent considering the merits of settlement. Moreover, as the time and expense Defendants are forced to expend defending against Plaintiff's claims increases, the amount of compensation Defendants may be willing to offer Plaintiff in settlement decreases. Plaintiff and Defendants therefore respectfully request this Court to stay discovery in this matter pending the resolution of the mediation currently being undertaken by Glen Whorton.

DATED November 29, 2010.

CATHERINE CORTEZ MASTO
Nevada Attorney General

By: /s/ Denise S. Balboni
DENISE S. BALBONI
Deputy Attorney General
Public Safety Division
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101

DATED November 30, 2010.

By: /s/ Roger Moore
ROGER MOORE
Plaintiff Pro Se

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATE: DEC. 20, 2010